**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Turhan Taylor,

Plaintiff,

v.

Corrections Corporation of America, et al.,

Defendants.

Civil No. 01-2131 MJD/AJB

**ORDER ON MOTIONS FOR APPOINTMENT OF COUNSEL AND EXTENSION OF TIME**

This matter is before the Magistrate Judge on plaintiff's motion for appointment of counsel [Docket No. 10] and motion for extension of time [Docket No. 11]. A complaint alleging violation of plaintiff's civil rights is pending before the court.

Based upon the entire file, including the motion and pleadings submitted by the plaintiff, **IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **denied** [Docket No. 10]. It is **FURTHER ORDERED** that plaintiff's motion for extension of time is denied as moot [Docket No. 11]. Plaintiff requests an additional 60 days for discovery and preparation. There is no showing that defendants in this matter have been served. Indeed, plaintiff has yet to submit completed service forms (USM-285) along with complaint copies for service by the U.S. Marshal. Sufficient time for discovery and preparation will be permitted pursuant to pretrial scheduling order to be issued in the event that defendants are properly served and answer the complaint.



JAN 16 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: January 16, 2002

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff has filed a motion seeking appointment of counsel. He asserts that he is unable to afford counsel; that counsel would be able to explain the applicable legal principles; that he should have counsel equally qualified as defendant's counsel; that he has limited library access due to segregation status; and that counsel would be able to investigate the facts while the plaintiff is detained. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, in a civil case, "there is no constitutional or statutory right for an indigent to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994). In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The court should determine if "the nature of the litigation is such that the [plaintiff] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The nature of this case is not such

that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and state his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters, and it is not readily apparent that plaintiff has been denied access to legal materials or will be unable to access legal materials at any time during the course of this suit as a result of his current segregation status. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).