UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TURHAN TAYLOR,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, JACOBS TRADING CO., INC., TIMOTHY O'DELL, STEPHEN KAISER, JOHN RICHES, PAUL TAFT and CAROLYN KLUCAS, et al.,

Defendants.

Civil No. 01-2131 (MJD/AJB)

**ORDER**

This matter is presently before the Court on Plaintiff's motion seeking leave to amend his complaint. The motion will be denied because Plaintiff did not attach a copy of his complete proposed amended pleading to his motion, as required by the Local Rules of this District. Local Rule 15.1 states that –

> "A party who moves to amend a pleading shall file such motion pursuant to LR 5.2 and shall attach a copy of the amended pleading to the original motion and to each copy of the motion. If the Court grants the motion to amend, the moving party shall file the original of the amended pleading with the Clerk of Court. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of Court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." (Emphasis added.)

Plaintiff has not complied with this Rule because he did not attach a copy of the actual proposed amended complaint to his motion papers. Instead, he has attempted to amend his complaint by incorporating parts of his original pleading by reference – a practice that is expressly forbidden by the Local Rule 15.1.[1]

[1] The purpose of the "no-incorporation-by-reference" rule is to avoid confusion in the pleadings. Defendants should not have to flip back and forth between multiple

FILED APR 0 9 20..
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

Although Plaintiff's pending motion for leave to amend will be denied because he has not complied with Local Rule 15.1, he will be permitted to file a new, properly-supported, motion to amend. If he chooses to do that, he must file his new motion for leave to amend by no later than April 26, 2002; and if he fails to do so, no further leave to amend will be granted in this matter. Needless to say, any such new motion to amend must be accompanied by a copy of the entire proposed amended complaint. Plaintiff will also have to serve a copy of his motion, with a copy of the entire proposed amended pleading, on Defendants. If Plaintiff does file a new motion to amend, Defendants shall file their oppositions, if any, by no later than May 10, 2002.[2]

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to amend his complaint, (Docket No. 24), is DENIED;

2. If Plaintiff still wants to amend his complaint, he must file and serve a new motion for leave to amend, with copies of the entire proposed amended complaint as required by Local Rule 15.1, by no later than April 26, 2002, failing which no further leave to amend will be granted in this matter;

---

documents to find out what the Plaintiff is alleging; they should be able to readily identify the plaintiff's factual allegations and legal claims by looking at a single document – i.e., the actual amended complaint.

[2] If any Defendant claims that granting leave to amend would be prejudicial, the specific nature of any such alleged prejudice must be clearly explained. In particular, if Defendant Jon Litscher contends that he will be prejudiced by any proposed amendment because he has already filed a motion to dismiss, he should explain how his pending motion would be adversely affected by granting Plaintiff leave to file his proposed amended complaint.

3. If Plaintiff files a timely motion for leave to amend, Defendants shall file their oppositions to the motion, if any, by no later than May 10, 2002; and

4. If Plaintiff files a timely new motion for leave to amend, the parties shall await the Court's ruling on that motion before filing any further motions or pleadings in this matter.

Dated: April 9th, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge