UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

TURHAN TAYLOR,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA, JACOBS TRADING CO., INC., TIMOTHY O'DELL, STEPHEN KAISER, JOHN RICHES, JOHN BERGER, JON LITSCHER, PAUL TAFT and CAROLYN KLUCAS, et al.,

Defendants.

Civil No. 01-2131 (MJD/AJB)

**ORDER AND REPORT AND RECOMMENDATION**

This matter is presently before the Court on Plaintiff's second motion seeking leave to amend his complaint. (Docket No. 48.) Defendants were previously advised that if they opposed Plaintiff's current request for leave to amend, they should file their oppositions by May 10, 2002. (See Order dated April 9, 2002; [Docket No. 42].) To date, no opposition to the motion to amend has been filed, and the motion will therefore be granted. See Fed. R. Civ. P. 15(a) (leave to amend is to be "freely given when justice so requires").

The Clerk of Court will be directed to file the Amended Complaint that is currently attached to Plaintiff's motion to amend, and those Defendants upon whom service of process has previously been effected will be given twenty (20) days from the date of this order to file an answer or other appropriate written response to the Amended Complaint, failing which they may be considered to be in default.

JUN
FILED
RICHARD D. SL
JUDGMENT EN
DEPUTY CLERK

Also before the Court at this time is Defendant Jon Litscher's motion to dismiss Plaintiff's original complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket Nos. 21 and 32.[1]) Inasmuch as Plaintiff's original complaint will now be superceded by his Amended Complaint, Defendant Litscher's motion to dismiss the original complaint has become moot. It will therefore be recommended that the pending motion to dismiss be denied without prejudice. Needless to say, Defendant Litscher should be permitted to file a new motion to dismiss, (if he deems such a motion to be an appropriate response to Plaintiff's Amended Complaint), and he should be permitted to re-raise any arguments or defenses raised in his original motion, as well as any new arguments or defenses that may now be apropos.

Finally, the Court notes that Plaintiff has filed a "Notice Of Motion And Motion For An Order To Quash Defendant Jon Litscher's Motion To Stay Discovery And To Deny Motion To Dismiss." (Docket No. 43.) This motion will be denied, because the Court has previously granted Defendant Litscher's motion to stay discovery, (see Order dated April 4, 2002; [Docket No. 40]), and Plaintiff has not offered any good reason to revisit that matter at this time. (To the extent that Plaintiff's motion opposes Defendant's motion to dismiss it is moot, because the Court has already determined that the motion to dismiss should not be granted at this time.)

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

---

[1] The Clerk's Office docketed the motion to dismiss twice, and assigned it two separate docket numbers.

1. Plaintiff's motion for leave to amend his complaint, (Docket No. 48), is GRANTED, and the Clerk of Court shall file and docket the Amended Complaint submitted with Plaintiff's motion;

2. Defendants shall have twenty (20) days from the date of this order to file and serve an answer or other appropriate response to Plaintiff's Amended Complaint; and

3. Plaintiff's "Notice Of Motion And Motion For An Order To Quash Defendant Jon Litscher's Motion To Stay Discovery And To Deny Motion To Dismiss," (Docket No. 43), is DENIED.

**AND IT IS HEREBY RECOMMENDED THAT:**

Defendant Jon Litscher's motion to dismiss the original complaint, (Docket Nos. 21 and 32), be denied at this time, without prejudice to any renewed motion to dismiss that Defendant Litscher may choose to file in response to Plaintiff's Amended Complaint.

Dated: June 5, 2002

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.